NO. 07-03-0095-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 22, 2004

_____

LINDMAN WILLIAMS OPDYKE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B11976-9503; HON. ED SELF, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J. [1]

This is an appeal from the revocation of community supervision (probation) originally granted appellant Lindman Williams Opdyke. On August 16, 1995, appellant pled guilty to the offense of robbery and was sentenced to a ten year probated term in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. On December 17, 2002, upon his plea of true to the allegations contained in the State's motion to revoke

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

probation, appellant was sentenced to ten years confinement. From this conviction, appellant gave a timely notice of appeal.

Appellant's appellate counsel has now filed an *Anders* brief with this court in which he states he has thoroughly examined the trial record and determined the appeal to be without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). Appellant indicates that he has mailed a copy of the brief to appellant. He has also asked to be allowed to withdraw from the case.

On November 7, 2003, our clerk notified appellant of our receipt of the *Anders* brief and counsel's motion to withdraw and that appellant had a right to respond to the brief. By letter dated November 25, 2003, appellate counsel certified that he had forwarded to appellant his copy of the record and enclosed appellant's *pro se* motion for extension of time within which to file a *pro se* brief. Appellant's motion to extend was granted and the time within which he might file his *pro se* brief was extended to January 5, 2004. However, we have not received a *pro se* brief or any further motions seeking an extension of time within which to file such a brief.

Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). We have also

made an independent examination of the record to determine whether there are any arguable grounds that might support the appeal. *See Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such ground and agree with counsel that this appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

John T. Boyd
Senior Justice

Do not publish.